UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TACHÉ COMPANY N.V.,

                          Plaintiff,

              -against-

VERMA GOLD & DIAMOND LLC,

                          Defendant.

Case No. 2:21-cv-3017

**COMPLAINT**

Plaintiff Taché Company N.V. ("Taché"), by its attorneys, Kudman Trachten Aloe Posner LLP, alleges for its complaint against defendant Verma Gold & Diamond LLC ("Verma") as follows:

## PRELIMINARY STATEMENT

1.     This is an action seeking damages for breach of contract, conversion, account stated, goods sold and delivered, replevin and attorney's fees. As set forth below, Taché, as seller/consignor, entered into two separate transactions with Verma, as buyer/consignee, for the sale and consignment of diamonds. Verma has failed to pay for the purchased diamonds and return the consigned diamonds, despite notices of default sent by Taché.

## THE PARTIES

2.     Taché is a foreign corporation with its principal place of business located in Antwerp, Belgium.

3.     Verma is a New York limited liability company with its principal place of business located in Westbury, New York. Upon information and belief, Verma's sole member is Pawan Verma.

4.     Upon information and belief, Pawan Verma is an individual residing in the State of New York and a citizen of the State of New York

## JURISDICTION AND VENUE

5.      The Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2) because it is between Taché, the citizen of a foreign state (Belgium), and Verma, the citizen of a state (New York), and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Verma resides in this judicial district.

7.      The Court has personal jurisdiction over Verma pursuant to CPLR 301 because its principal place of business is located in Westbury, New York.

## RELEVANT FACTS

8.      On or about February 28, 2020, Verma purchased eight polished diamonds of 1.61, 1.72, 1.88, 1.70, 1.80, 2.20, 2.10, and 2.21 carats from Taché, for a total sum of $98,055.46, as reflected in the invoice attached hereto as Exhibit A (the "February Invoice").

9.      Payment for these diamonds was due no later than April 28, 2020.

10.     Paragraph 5 of the General Sales Conditions, contained in the February Invoice, provides as follows:

> "If the final invoice is not partly or entirely not paid within 7 (seven) days of the due date mentioned on the final invoice, the Buyer will legally and without prior notice be charged with 1% (one percent) interest per month, calculated on the unpaid amount of the final invoice, from the due date. If the final invoice is partly or entirely not paid within 90 (ninety) days of the due date mentioned on the final invoice, the Buyer will also legally and without prior notice by the Seller be charged with a 10% (ten percent) penalty fee calculated on the unpaid amount of the invoice, as indemnification, with a minimal amount of 100 USD. The goods remain the property of the Seller until full payment of the invoice as well as the invoiced interests and penalty fees."

11.     On or about March 16, 2020, Taché sent five polished diamonds of 1.61, 1.79, 2.52, 3.64 and 5.13 carats to Verma on consignment, having a total value of $124,405.62, as reflected in the memorandum attached hereto as Exhibit B (the "March Memo").

12.     Pursuant to the March Memo, Taché reserved the right to invoice for any diamonds not returned prior to March 23, 2020.

13.     Pursuant to the March Memo, any diamonds sent on consignment must be returned to Taché upon first request.

14.     On April 28, 2020, Verma failed to pay the $98,055.46 due and owing to Taché pursuant to the February Invoice.

15.     On June 29, 2020, Verma provided a partial payment in the sum of $25,000.00 towards the February Invoice, resulting in an unpaid balance of $73,055.46 on the February Invoice.

16.     On June 30, 2020, Verma returned two of the five consigned diamonds of 1.79 and 2.52 carats (having a total value in the March Memo of $30,161.24) but failed to return the other three consigned diamonds of 1.61, 3.64 and 5.13 carats (having a total value in the March Memo of $94,244.38).

17.     On July 2, 2020, Verma messaged Taché asking for an invoice on the consigned diamonds of 1.61 and 3.64 carats.

18.     Taché responded to Verma that an invoice would not be issued on any consigned diamonds until the February Invoice was paid in full.

19.     On October 29, 2020, Verma messaged Taché stating, "I'm really sorry for holding your payment."

20.     Verma promised to pay its debts on the diamonds on numerous occasions, including on November 19, 2020, November 25, 2020, and December 1, 2020, but he has failed to fulfill those promises.

21.     At no time has Verma ever disputed the February Invoice or the March Memo.

22.     A copy of these messages between Taché and Verma is annexed hereto as Exhibit C.

23.     On December 3, 2020, Taché sent Verma a Notice of Default demanding satisfaction of the February Invoice and return of the consigned diamonds from the March Memo by no later than December 10, 2020. A copy of this notice is annexed hereto as Exhibit D.

24.     On December 3, 2020, Verma responded to Taché's Notice of Default, indicating that it sold the two consigned diamonds of 1.61 and 3.64 carats.

25.     On December 3, 2020, Verma responded to Taché's Notice of Default, indicating that it sold the two consigned diamonds of 1.61 and 3.64 carats.

26.     Taché never issued an invoice for the consigned diamonds of 1.61 and 3.64 carats because it has never received a formal purchase confirmation from Verma.

27.     The diamonds of 1.61 and 3.64 carats issued on the March Memo remain on consignment pursuant to paragraph 3 of the General Sales Conditions: "Goods sent as consignment invoice are only deemed to be sold when the Seller issues a final invoice. Prior to this, the Seller retains the right to request the goods to be shipped back to him."

28.     Verma indicated that return of the consigned diamond of 5.13 carats would be a "problem," because the diamond was "out of town."

29.     A copy of the email communications between Taché' and Verma is annexed hereto as Exhibit E.

4

30.     On December 23, 2020, Taché, through its counsel, wrote to Verma demanding payment on the unpaid portion of the diamonds reflected in the February Invoice ($73,055.46) and return of the consigned diamonds of 1.61, 3.64 and 5.13 carats from the March Memo.

31.     Verma has failed to return the consigned diamonds, which was due to be returned before March 23, 2020, and failed to pay for the diamonds sold under the February Invoice.

32.     On January 11, 2021, Verma made a partial payment on the invoiced diamonds of $2,000, leaving a balance due on the invoiced diamonds of $71,055.46.

33.     On May 05, 2021, Verma made a partial payment on the invoiced diamonds of $2,000, leaving a balance due on the invoiced diamonds of $69,055.46.

34.     Pursuant to paragraph 5 of the General Sales Conditions, as of May 27, 2021, Taché is entitled to an additional $5,994.81 in interest and $7,505.42 in penalty fees on the invoiced diamonds.

35.     Pursuant to paragraph 11 of the General Sales Conditions, Taché is entitled to all costs arising from a dispute over the February Invoice and March Memo, including legal fees.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

36.     Taché repeats and realleges the allegations contained in paragraphs 1 through 35.

37.     The February Invoice and March Memo are valid and binding agreements.

38.     Verma breached the February Invoice by failing to pay the sums required pursuant to the terms of that agreement.

39.     Verma breached the March Memo by failing to pay the sums required or returning the diamonds pursuant to the terms of that agreement.

40.     Taché has been damaged by Verma's breaches of the February Invoice and March Memo in an amount not less than $163,299.84, representing the value of the unpaid invoice and

unreturned diamonds, plus $5,994.81 in interest and $7,505.42 in penalty fees on the invoiced diamonds, as of May 27, 2021.

41.     Taché is entitled to recover from Verma the damages it has sustained as a result of Verma's breaches of the February Invoice and March Memo.

### SECOND CAUSE OF ACTION
**(Conversion)**

42.     Taché repeats and realleges the allegations contained in paragraphs 1 through 35.

43.     By accepting receipt of the diamonds from Taché and failing to pay all sums pursuant to the February Invoice and return the consigned diamonds from the March Memo, Verma has willfully and without lawful justification appropriated Taché's property as Verma's sole property without the consent of Taché.

44.     Verma's unlawful misappropriation has damaged Taché in an amount not less than $163,299.84, representing the value of the unpaid invoice and unreturned diamonds, plus $5,994.81 in interest and $7,505.42 in penalty fees on the invoiced diamonds, as of May 27, 2021.

### THIRD CAUSE OF ACTION
**(Account Stated)**

45.     Taché repeats and realleges the allegations contained in paragraphs 1 through 35.

46.     Taché provided Verma with the February Invoice and March Memo.

47.     Verma accepted the diamonds from Taché and did not object to the February Invoice or March Memo.

48.     Paragraph 8 of the General Sales Conditions provides as follows: "The Buyer must carefully inspect the supplied goods upon reception and notify the Seller in writing of any defects or problems of non-conformity of the goods with the description of the invoice as well as according to article 7 latest within 1 (one) day after reception of the supplied goods. If the Buyer failed to do

so, the supplied goods are considered accepted irrelevant it being on a consignment basis or any other way."

49.     Taché is entitled to recover from Verma an amount not less than $163,299.84, representing the value of the unpaid invoice and unreturned diamonds, plus $5,994.81 in interest and $7,505.42 in penalty fees on the invoiced diamonds, as of May 27, 2021.

### FOURTH CAUSE OF ACTION
**(Good Sold and Delivered)**

50.     Taché repeats and realleges the allegations contained in paragraphs 1 through 35.

51.     Taché provided Verma with the February Invoice and March Memo.

52.     Verma accepted the diamonds from Taché and did not object to the February Invoice or March Memo.

53.     Paragraph 8 of the General Sales Conditions provides as follows: "The Buyer must carefully inspect the supplied goods upon reception and notify the Seller in writing of any defects or problems of non-conformity of the goods with the description of the invoice as well as according to article 7 latest within 1 (one) day after reception of the supplied goods. If the Buyer failed to do so, the supplied goods are considered accepted irrelevant it being on a consignment basis or any other way."

54.     Taché is entitled to recover from Verma an amount not less than $163,299.84, representing the value of the unpaid invoice and unreturned diamonds, plus $5,994.81 in interest and $7,505.42 in penalty fees on the invoiced diamonds, as of May 27, 2021.

### FIFTH CAUSE OF ACTION
**(Replevin)**

55.     Taché repeats and realleges the allegations contained in paragraphs 1 through 35.

56.     Taché sent diamonds to Verma on consignment, as provided in the March Memo.

57.     Paragraph 3 of the General Sales Conditions provides, in relevant part, as follows: "In case of a consignment invoice ('Memorandum'), the Seller can modify the price of the goods at any time. Goods sent as consignment invoice are only deemed to be sold when the Seller issues a final invoice. Prior to this, the Seller retains the right to request the goods to be shipped back to him."

58.     Taché has demanded that Verma return the consigned diamonds and Verma has failed to comply.

59.     Taché is entitled to the return of the diamonds sent to Verma on consignment or, in the alternative, the value of these diamonds in the amount of $94,244.38.

**SIXTH CAUSE OF ACTION**
**(Attorney's Fees)**

60.     Taché repeats and realleges the allegations contained in paragraphs 1 through 35.

61.     Pursuant to paragraph 11 of the General Sales Conditions, Taché is entitled to all costs arising from a dispute over the February Invoice and March Memo, including legal fees.

62.     Taché is entitled to recover from Verma the attorney's fees and costs it has incurred.

**JURY TRIAL DEMAND**

63.     Taché demands a trial by jury on all issues in this action.

**WHEREFORE**, Taché respectfully requests judgment in its favor and against Verma as follows:

a)  on the First, Second, Third and Fourth Causes of Action, awarding compensatory damages in an amount to be determined at trial, but in no event less than $163,299.84, plus $5,994.81 in interest and $7,505.42 in penalty fees on the invoiced diamonds, as of May 27, 2021;

b)   on the Fifth Cause of Action, ordering Verma to return to Taché the consigned diamonds or, in the alternative, awarding the value of these diamonds in the amount of $94,244.38;

c)   on the Sixth Cause of Action, awarding attorney's fees Taché has incurred;

d)   awarding Taché prejudment interest on the unpaid sum of the invoices and unreturned memo diamonds as set for the in CPLR 5001;

e)   awarding Taché its cost and disbursements; and

f)   granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 27, 2021

By:  _____
     Paul H. Aloe
     David N. Saponara
     KUDMAN TRACHTEN ALOE LLP
     800 Third Avenue, 11th Floor
     New York, New York 10022
     Tel: (212) 868-1010
     paloe@kudmanlaw.com
     dsaponara@kudmanlaw.com

     *Attorneys for Plaintiff*