UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X   For Online Publication Only
TACHE COMPANY N.V.,

                                                                       **ORDER**
                                          Plaintiff,       21-CV-03017 (JMA) (AYS)

      -against-

VERMA GOLD & DIAMOND LLC,

                                          Defendants.
-----------------------------------------------------------------------X
**AZRACK, United States District Judge:**

      Before the Court is a motion for default judgment filed by plaintiff Taché Company N.V. ("Plaintiff") against defendant Verma Gold & Diamond LLC ("Defendant") for $127,218.63 in compensatory damages, plus interest, penalty fees, as well as post-judgment interest. For the reasons stated herein, Plaintiff's Motion for Default Judgment is GRANTED in part and DENIED in part.

## I.  DISCUSSION

### A.  Defendants Defaulted

      Defendants, who have not responded to the motion for default judgment, defaulted by failing to answer, move, appear, or defend in this action.

### B.  Liability

      When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether

the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the complaint (ECF No. 1), are sufficient to establish Defendants' liability for breach of contract under New York law.

Accordingly, the Court dismisses the alternate claims for account stated, conversion, and replevin are dismissed as duplicative and/or insufficiently stated. Claims are duplicative of one another and properly precluded "if they arise from the same facts ... and do not allege distinct damages." NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 175 (2d Cir. 2008) (internal quotation marks and citation omitted). See, e.g., Cont'l Cas. Co. v. Contest Promotions NY, LLC,, No. 15-CV-501, 2016 WL 1255726, at *4 (E.D.N.Y. Mar. 28, 2016)(collecting cases and granting default judgment for breach of contract claim but dismissing unjust enrichment, account stated and fraudulent transfer claims as duplicative); Murray Eng'g P.C. v. Remke, No. 17-CV-6267, 2018 WL 3773991 (S.D.N.Y. Aug. 9, 2018) (dismissing a goods sold and delivered claim as duplicative of a breach of contract claim where the facts alleged and the damages sought were identical).

### C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

The Court finds that Plaintiff's submission—the Declaration of Maurice Zajfen in Support of Default Judgment —establishes compensatory damages of $127,218.63 to a reasonable degree of certainty. (ECF No. 9,11.) The Court also awards interest on that amount calculated at a 9% per annum interest rate from December 10, 2020 through the date of this judgment. See N.Y. C.P.L.R. § 5004.

### D. Attorney's Fees

Plaintiff has also moved for attorneys' fees and litigation costs. (ECF No. 1.) Plaintiff has concretely established the costs and attorney's fees incurred in this action. Plaintiff is entitled to recover its litigation costs pursuant to Fed. R. Civ. P. 54(d)(1). The Court awards plaintiff $532.00 for its costs. (ECF No. 9 at 4.) However, plaintiff has not provided an amount nor submitted any documentary evidence to support its request for attorneys' fees. Under New York law, attorneys' fees are generally "the ordinary incidents of litigation and may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule." Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 199 (2d Cir. 2003). Pursuant to paragraph 11 of the General Sales Conditions, Plaintiff is entitled to all costs arising from this dispute over the February Invoice and March Memo which by its plain terms is inclusive of attorney's fee and legal expenses. (ECF No. 1-3 at 3.) Accordingly, plaintiff may submit additional evidence of these damages to the Court no later than fourteen (14) days from the date of this Order.

In addition, plaintiff has requested prejudgment interest. Under New York law, prejudgment interest of nine percent (9%) per annum is recoverable "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); see also N.Y. C.P.L.R. § 5004. Such "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001(b). Here, interest should be computed from the date on which the defendant

3

breached the contract by failing to pay the amount owed. See Guilbert v. Gardner, 480 F.3d 140, 149 (2d Cir. 2007) ("A cause of action for breach of contract ordinarily accrues . . . upon breach."). On December 3, 2020, plaintiff sent Notice of Default to defendant demanding satisfaction of the February Invoice and return of the cosigned diamonds from the March Memo no later than December 10, 2020. Accordingly, the Court awards Plaintiff $12,767.59 in prejudgment interest, calculated at a daily rate of $31.37 from December 10, 2020, through the date of this Order.

## II. CONCLUSION

Accordingly, Plaintiff's for Default Judgment is GRANTED in part and DENIED in part. Plaintiff is entitled to default judgment on its breach of contract claim. Plaintiff's remaining claims: conversion, account stated, good sold and delivered, and replevin are dismissive as duplicative.

The Clerk of the Court is respectfully directed to enter judgment against defendant as follows: defendant Verma Gold & Diamond LLC is liable to plaintiff Taché Company N.V. Company for $127,218.63 in damages and $12,767.59 in prejudgment interest for a total award of $139,986.22.

**SO ORDERED.**

Dated: January 20, 2022
Central Islip, New York

                                                            /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE